UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHAEL LIBURD and SHAUN MOULTRY,

                Plaintiff,

          -against-

THE CITY OF NEW YORK, P.O. ROBERT TURBIAK,
Shield No. 11045, Individually and in his Official
Capacity, and P.O.'s "JOHN DOE" #1-4, Individually and
in their Official Capacity (the name John Doe being
fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

**12 CV 08280 (GBD)**

      Plaintiffs MICHAEL LIBURD and SHAUN MOULTRY, by their attorney, ROBERT W. GEORGES, ESQ., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff SHAUN MOULTRY is an African-American male and has been at all relevant times a resident of the City and State of New York.

7.     Plaintiff MICHAEL LIBURD is an African-American male and has been at all relevant times a resident of the City and State of New York.

8.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10.     At all times hereinafter mentioned, the individually named defendants P.O. ROBERT TURBIAK, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.    At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

14.    On or about July 24, 2012, plaintiffs SHAUN MOULTRY and MICHAEL LIBURD were lawfully present in a vehicle in the vicinity of 251 West 15th St. in New York County in the city and state of New York.

15.    At the above mentioned time and place, the plaintiffs were approached by the defendant officers and ordered out of the vehicle in which they were seated.

16.    The defendant officers immediately searched plaintiffs, uncovering no evidence of criminal or unlawful activity whatsoever.

17.    The defendant officers then searched the vehicle in which plaintiffs had been seated and uncovered no evidence of criminal or unlawful activity whatsoever.

18.    Nevertheless, the officers placed plaintiffs under arrest, handcuffing their arms tightly behind their backs.

19.    Plaintiffs were thereafter transferred to a nearby precinct where they were each charged with one count of Criminal Possession of a Controlled Substance in the Third Degree.

20.     At no time on July 24, 2012, did either plaintiff sell, possess or control any controlled substance.

21.     At no time on July 24, 2012, did defendants possess probable cause to arrest plaintiffs.

22.     At no time on July 24, 2012, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiffs.

23.     In connection with their arrests, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

24.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiffs' arrests.

25.     Specifically, defendants falsely and knowingly alleged that they observed plaintiffs possess a controlled substance.

26.     As a result of defendants' actions, plaintiff SHAUN MOULTRY spent approximately thirty-six (36) hours in police custody.

27.     As a result of defendants' actions, plaintiff MICHAEL LIBURD spent approximately six (6) days in police custody before he was released on the P.L. §180.80 court day.

28.     Despite defendants' actions, all charges against plaintiffs SHAUN MOULTRY and MICHAEL LIBURD were dismissed on or about July 30, 2012.

29.     As a result of the foregoing, plaintiffs SHAUN MOULTRY and MICHAEL LIBURD sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiffs SHAUN MOULTRY and MICHAEL LIBURD of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

38.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants misrepresented and falsified evidence before the New York County District Attorney.

41.     Defendants did not make a complete and full statement of facts to the District Attorney.

42.     Defendants withheld exculpatory evidence from the District Attorney.

43.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs SHAUN MOULTRY and MICHAEL LIBURD.

44.     Defendants lacked probable cause to initiate criminal proceedings against plaintiffs SHAUN MOULTRY and MICHAEL LIBURD.

45.     Defendants acted with malice in initiating criminal proceedings against plaintiffs SHAUN MOULTRY and MICHAEL LIBURD.

46.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs SHAUN MOULTRY and MICHAEL LIBURD.

47.    Defendants lacked probable cause to continue criminal proceedings against plaintiffs SHAUN MOULTRY and MICHAEL LIBURD.

48.    Defendants acted with malice in continuing criminal proceedings against plaintiffs SHAUN MOULTRY and MICHAEL LIBURD.

49.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50.    Specifically, defendants falsely and knowingly alleged that they observed plaintiff possess a controlled substance.

51.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs SHAUN MOULTRY and MICHAEL LIBURD's favor on or about July 30, 2012 when the charges against them were dismissed.

52.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

53.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "52" as if the same were more fully set forth at length herein.

54.    Defendants created false evidence against plaintiffs SHAUN MOULTRY and MICHAEL LIBURD.

55.    Specifically, defendants falsely and knowingly alleged that they observed plaintiffs possess a controlled substance.

56.     Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

57.     Defendants misled the prosecutors by creating false evidence against plaintiffs SHAUN MOULTRY and MICHAEL LIBURD and thereafter providing false testimony throughout the criminal proceedings.

58.     In creating false evidence against plaintiffs SHAUN MOULTRY and MICHAEL LIBURD, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

59.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

60.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

      i.    maintaining an arrest quota placing undue pressure on officers to make arrests without probable cause;

67.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

68.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs SHAUN MOULTRY and MICHAEL LIBURD's constitutional rights.

69.    The acts complained of deprived plaintiffs of their rights:

    1.    Not to be deprived of liberty without due process of law;

    2.    To be free from seizure and arrest not based upon probable cause;

    3.    To be free from unlawful search;

    4.    Not to have summary punishment imposed upon them; and

    5.    To receive equal protection under the law.

70.    As a result of the foregoing, plaintiffs are entitled to compensatory damages and are further entitled to punitive damages against the individual defendants.

    **WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

    i.    an order awarding compensatory damages in an amount to be determined at trial;

    ii.    an order awarding punitive damages in an amount to be determined at trial;

    iii.    reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
      November 9, 2012

BY: _Robt W. Geor_
ROBERT W. GEORGES, ESQ.
Attorney for Plaintiffs
The Woolworth Building
233 Broadway, Suite 1800
New York, N.Y. 10279
Tel (212) 710-5166
rgeorges@georgesesq.com

INDEX NO.

YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAUN MOULTRY and MICHAEL LIBURD,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. ROBERT TURBIAK,
Shield No. 11045, Individually and in his Official Capacity,
and P.O.'s "JOHN DOE" #1-4, Individually and in their Official
Capacity (the name John Doe being fictitious, as the true names are
presently unknown),

Defendants.

---

## SUMMONS AND COMPLAINT

---

### ROBERT W. GEORGES
*Attorney for* Plaintiff
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 710-5166

---

Signature (Rule 130-1.1a)

Print Name Beneath

To
Attorney(s) for  Defendants

---

Service of a copy of the within is hereby admitted.          Dated

Attorney(s) for

---

PLEASE TAKE NOTICE

Q      NOTICE OF ENTRY

        that the within is a (certified) true copy of a
        duly entered in the office of the clerk of the within named court on                    20

Q      NOTICE OF SETTLEMENT

        that an order                                           of which the within is a true copy
        will be presented for settlement to the HON.           one of the judges of the
        within named Court, at
        on                                20                at

Dated,                                                         Yours, etc.